

Matthew A. Smith
650.265.6109
smith@turnerboyd.com

November 15, 2016

The Honorable Pauline Newman
The Honorable Raymond T. Chen
The Honorable Kara F. Stoll
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington D.C. 20439

      RE:   *PPG Industries, Inc. v. Valspar Sourcing, Inc.*, No. 16-1406

Dear Judges Newman, Chen, and Stoll:

As ordered by the Court during oral argument on Nov. 1, 2016, this letter discusses PPG's Article III standing in view of litigation filed after this appeal was undertaken on different, but related, patents.

On March 29, 2012, PPG requested *inter partes* reexamination of U.S. Patent Nos. 7,592,047 ("the '047 patent) and 8,092,876 ("the '876 patent). Following the reexamination, PPG filed a Notice of Appeal to this Court on November 23, 2015. At the time PPG filed its appeal, Valspar had not made any threats or assertions to PPG regarding the '047 patent, the '876 patent or any related patents. PPG has not disputed, and cannot dispute, this important fact.

The first time Valspar asserted any patent rights against PPG was May 23, 2016, when Valspar filed Case No. 0:16-cv-01429 in the U.S. District Court for the District of Minnesota (the "Minnesota litigation")—six months after PPG's filed its appeal in this Court. In the Minnesota litigation, Valspar did not assert either of the patents at issue here, but instead accused PPG's Innovel HPS coating of infringing three different patents: U.S. Patent Nos. 8,617,663 ("the '663 patent," attached as Ex. 1), 8,835,012 ("the '012 patent," attached as Ex. 2), and 9,242,763 ("the '763 patent," attached as Ex. 3). On September 9, 2016, Valspar filed an amended complaint adding a claim that PPG's Innovel HPS coating also infringed newly issued U.S. Patent No. 9,415,900 ("the '900 patent," attached as Ex. 4). The four patents at issue in the Minnesota litigation are continuations of U.S. Patent No. 8,173,265, which is a continuation-in-part of the '047 patent. However, the claims of the four patents differ from the claims of the '047 and '876 patents as they contain different limitations and different combinations of limitations.

Turner Boyd LLP, 702 Marshall Street, Suite 640, Redwood City, California 94063  t: 650.521.5930  f: 650.521.5931  e: turnerboyd.com

The schedule in the Minnesota litigation requires Valspar to provide infringement contentions by December 15, 2016 and sets a December 31, 2016 deadline to amend the pleadings. Valspar wants to keep the Minnesota litigation moving forward on its current schedule and is working to narrow the asserted claims for judicial economy. Consequently, Valspar has decided not to include the '047 and '876 patents in the Minnesota litigation. In accordance with this decision and to simplify the issues for this Court, Valspar has granted PPG a covenant not to sue on the '047 and '876 patents, attached hereto as Exhibit 5.

"[A]lthough Article III standing is not necessarily a requirement to appear before an administrative agency, once a party seeks review in a federal court, 'the constitutional requirement that it have standing kicks in.'" *Consumer Watchdog v. Wis. Alumni Research Found.*, 753 F.3d 1258, 1261 (Fed. Cir. 2014). To establish standing for the present appeal, PPG "must show that it has suffered an 'injury in fact' that is both concrete and particularized." *Id.* The "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute" and "must be more than a general grievance." *Id.* (internal quotations omitted). Thus, although "a statutory grant of a procedural right may relax the requirements of immediacy and redressability, and eliminate any prudential limitations … the statutory grant of a procedural right does not eliminate the requirement that [an *inter partes* reexamination appellant] have a particularized, concrete stake in the outcome of the reexamination." *Id.* at 1262.

PPG did not have standing to bring this appeal. As an initial matter, the Minnesota litigation cannot be used to show the "injury in fact" it needs for standing. This Court has found that a party "must establish that it had standing under Article III of the Constitution at the time it filed suit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) (citing *Baker v. Carr*, 369 U.S. 186, 204 (1962)). Because the Minnesota litigation was filed six months after PPG's appeal to this Court, PPG cannot point to the Minnesota litigation to establish standing. In addition, since Valspar never threatened assertion of any patents against PPG prior to filing the Minnesota litigation, PPG cannot claim an "injury in fact" prior to PPG's appeal. Simply stated, PPG has no way to establish that it had the requisite standing under Article III of the Constitution at the time it filed its appeal with this Court. This fact alone should end this Court's inquiry.

Even if the law permitted PPG to "back-date" its standing, which it does not, PPG would still fail to meet the constitutional standing requirement since the only patents at issue in this appeal are the '047 and '876 patents.

Neither of these patents is part of the Minnesota litigation and Valspar has never asserted these two patents against PPG. In fact, as noted above, Valspar has decided not to assert the '047 and '876 patents in the Minnesota litigation and has provided PPG with a covenant not to sue on the '047 and '876 patents pursuant to this Court's *Super Sack* line of cases. *See generally, Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995); *see also Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010); *Intellectual Property Development, Inc. v. TCI Cablevision of California*, 248 F.3d 1333 (Fed. Cir. 2001). Under this Court's well-established precedent, such a covenant "extinguishe[s] any current or future case or controversy between the parties" and thus eliminates standing and divests the federal judiciary of subject matter jurisdiction over claims brought by the recipient of the covenant relating to the validity of patents subject to the covenant. *Dow Jones*, 606 F.3d at 1348. Thus, even today, there can be no "injury in fact" and therefore no case or controversy as to the '047 and '876 patents that confers standing on PPG to maintain the present appeal.

In sum, because the Minnesota litigation was filed well after PPG filed this appeal, that litigation is irrelevant to the question of whether PPG had standing at the time it invoked the power of this Article III Court. Thus, to find PPG had standing, this Court would first have to conclude that any party that sells a product related to a patented technology can request Patent Office review of the patent and then appeal the administrative decision from that review to this Court, even where the patentee never did anything to threaten or assert any patent rights against the appellant prior to the filing of the appeal. Furthermore, this Court would separately have to conclude that an appellant has standing to appeal to this Court an administrative decision on patents that cannot be asserted against the appellant because of a *Super Sack* covenant, solely because other continuation-in-part patents with different claims in the same family exist. Although both of these conclusions are necessary to confer standing on PPG here, either would seem to be a significant shift from this Court's prior rulings on standing.

For these reasons, Valspar respectfully requests that this appeal be dismissed for lack of standing.

Sincerely,

_____/s/_____

Matthew A. Smith
Counsel for Valspar Sourcing, Inc.

Page 4

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on this the 15th day of November, 2016, I electronically filed the foregoing and all exhibits with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered users.

_____/s/_____
Matthew A. Smith
Counsel for Valspar Sourcing, Inc.
Turner Boyd LLP
702 Marshall St. Ste 640
Redwood City, CA 94061
650.265.6109
smith@turnerboyd.com

FORM 9.  Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

PPG Industries, Inc. _____ v. Valspar Sourcing, Inc. _____

No. 16-1406, -1409

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) Valspar Sourcing, Inc. _____ certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

Valspar Sourcing, Inc.

_____

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

None

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Valspar Sourcing, Inc. is wholly-owned by Engineered Polymer Solutions, Inc., which is wholly-owned by The Valspar Corporation.  The Valspar Corporation is publicly-traded on the New York Stock Exchange under the symbol VAL.

_____

4. ☑  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Matthew A. Smith, Turner Boyd LLP
Karen I. Boyd, Turner Boyd LLP
Keeley I. Vega, Turner Boyd LLP

_____

| January 19, 2016 | /s/ Matthew A. Smith |
|---|---|
| Date | Signature of counsel |
|  | Matthew A. Smith |
|  | Printed name of counsel |

Please Note: All questions must be answered

cc: _____

124