

ROTHWELL FIGG
IP Professionals

607 14th Street, N.W.
Suite 800
Washington, DC 20005

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rfem.com
info@rfem.com

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Richard Wydeven
Sharon L. Davis
Jeffrey L. Ihnen
Brian S. Rosenbloom
Brian A. Tollefson
C. Nichole Gifford
R. Elizabeth Brenner-Leifer
Sharon E. Crane, Ph.D.
Lisa N. Phillips
Steven P. Weihrouch
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Derek F. Dahlgren

Monica Chin Kitts
Michael V. Battaglia
Seth E. Cockrum, Ph.D.
Michael H. Jones
Jennifer P. Nock
Rachel M. Echols
Brett A. Postal
Jennifer B. Maisel
Soumya P. Panda
Jason M. Nolan, Ph.D.
Aydin H. Harston, Ph.D.
Daniel R. McCallum
Mark T. Rawls
Nechama E. Potasnick
Dennis Ostrovsky, Ph.D.*
Spencer J. Johnson
John D. Higgins*
Douglas Choi
Erin M. Foley*
Eric D. Blatt*
Benjamin R. Holt*
Nicole M. DeAbrantes*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright
matters and cases in federal
courts.

Of Counsel
Harry F. Manbeck, Jr.
William N. Hughet

December 5, 2016

Honorable Peter R. Marksteiner
Circuit Executive & Clerk of the Court
U.S. Court of Appeals for the
Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re:    *PPG Industries, Inc. v. Valspar Sourcing, Inc.*,
       Federal Circuit Appeal Nos. 16-1406 (Lead), - 1409 (Companion)

Dear Mr. Marksteiner:

Appellant, PPG, respectfully submits this letter pursuant to the Court's order of December 1, 2016.

In its response to PPG's motion for leave, Valspar again argues that PPG lacks standing, because "the appeal was filed before Valspar made any assertions of any patent rights against PPG." Valspar Resp. at 1. If this Court were to accept Valspar's argument and hold, as a matter of law, that a party who is unsuccessful in a PTO post-grant challenge to a patent's validity has no standing to appeal absent a showing that the patent owner "made assertions of patent rights," then a substantial policy underpinning of the AIA's carefully balanced post-grant procedures would be upset.[1] Such post-grant challenges are often brought to eliminate risk and obtain freedom-to-operate certainty before the challenger has launched a commercial product or published its plans to do so.

A lopsided scheme in which only the patent owner can appeal an adverse PTAB decision will discourage use of these procedures, which Congress and the public view as beneficial ways of weeding out invalid patents and attractive alternatives to protracted and expensive litigation. And, while vacatur of an un-reviewed PTAB decision can partially ameliorate the problem, it would not eliminate the likelihood that a successful patent owner would continue to tout the PTAB's validity determination in subsequent efforts to keep competitors out of the marketplace. Cf. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 88-89 (1967) (explaining that vacated *invalidity* holdings continued to have impact in the marketplace.).

---

[1] Although this appeal is from a pre-AIA *inter partes* reexamination decision, any standing analysis would also likely be applicable to AIA *inter partes* reviews and post-grant reviews.



In cases like this one between two competitors, the Court need not disrupt the balance built into the AIA. Actual threats and apprehension of litigation are not required to establish "concrete" and "particularized" injury, even under the stricter requirements for declaratory judgment jurisdiction. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 132, n.11 (2007).

At the time of this appeal, **PPG** had developed and commercially launched a can-interior coating—Innovel HPS. Rongaus Decl. ¶2. Valspar does not dispute that it regards Innovel HPS to be subject to a charge of infringement, having brought an action for infringement of very closely related claims of progeny patents. PPG and Valspar were competitors in the can-interior coating market at the time of the appeal. Rongaus Decl. ¶3. PPG has alleged that Valspar threatened its customers before the appeal. While Valspar questions the sufficiency of PPG's evidence, it does not dispute that such threats were made. The injury alleged by PPG is "particularized" – i.e., it affects PPG in a "personal and individual way." *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1548 (2016).

PPG's injury was also "concrete" – i.e., real and not abstract. *Id*. PPG requested reexamination of the Valspar patents to eliminate a potential risk they presented to its Innovel HPS product. Rongaus Decl. ¶4. The *risk* posed by the existence of a competitor's patent is sufficient to establish jurisdiction: "Merely the desire to avoid the threat of a 'scarecrow' patent, in Learned Hand's phrase, may therefore be sufficient to establish jurisdiction under the Declaratory Judgment Act." *Cardinal Chem. Co.*, 508 U.S. at 96 (quoting *Bresnick v. U.S. Vitamin Corp.*, 139 F.2d 239, 242 (2d Cir. 1943)).

This Court has also recognized that the *risk* posed by a competitor's patent may be sufficient to confer standing. In finding that the appellant in *Consumer Watchdog* had failed to establish standing, this Court did not rely on the absence of threats of litigation or assertion of patent rights by the patent owner. Instead, the Court found that,

> Consumer Watchdog does not allege that it is engaged in any activity . . . that could form the basis for an infringement claim. It does not allege that it intends to engage in such activity. Nor does it allege that it is an actual or prospective licensee, or that it has any other connection to the '913 patent or the claimed subject matter.

*Consumer Watchdog*, 753 F.3d at 1261.[2] In stark contrast, PPG has established that all of those factors were present at the time of appeal. In this case, the risks to PPG's R&D and commercial activities resulting from Valspar's patents constituted a real and concrete injury at the time of appeal.

Unlike the situation involving a Declaratory Judgment Act action in district court, the relevant controversy here is not the parties' controversy in the PTO. It is the controversy in *this* Court. In a district court action, standing is tied to the parties' claims, whereas standing in an appellate court is tied to the judgment that is being appealed. The Supreme Court has recognized this distinction, expressly considering the effect of the underlying adverse judgment in its standing analysis. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 618 (1989); *see also City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000). In *ASARCO*, the Supreme Court found that even though plaintiffs in the underlying state court action would not have possessed standing to bring an action in an Article III federal court at the outset, the

---

[2] Scholars also have recognized that the risks posed by "scarecrow" patents and the commercial consequences of the uncertainty that they create are injuries that are cognizable by Article III courts. *See* Michael J. Burstein, "Rethinking Standing in Patent Challenges," 83 *Geo. Wash. L. Rev.* 498, 509-515 (2015) and related articles discussed therein.



petitioners in that action possessed standing, because "[t]he state proceedings ended in a declaratory judgment adverse to petitioners, an adjudication of legal rights *which constitutes the kind of injury cognizable in this Court on review from the state courts*." 490 U.S. at 618 (emphasis added). This case is quite analogous. Even if PPG would not have had standing to bring a declaratory judgment action challenging the validity of the Valspar patents in federal court, that fact would be irrelevant to standing to bring this appeal, because Article III standing is not required for administrative actions in the PTO (just as it was not required for the state court proceedings in *ASARCO*). Just as in *ASARCO*, the PTO proceedings ended in a judgment adverse to PPG, and, as in *ASARCO*, that adverse judgment constitutes injury cognizable by this Article III Court. Like the petitioners in *ASARCO*, PPG appealed the adverse judgment of the non-Article III tribunal to an Article III court, which in PPG's case, it was statutorily entitled to do. And, as explained earlier, Valspar's covenant not to sue did not eliminate the injury caused to PPG by the PTO's erroneous adverse judgment.

If the Court were to conclude that PPG lacks standing, the PTAB's decision must be vacated. Even in cases in which a competitor has been found not to infringe, the Supreme Court allowed the appeal of the validity finding, holding that, even though it "was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated" and that "petitioners were *entitled to have this portion of the decree eliminated*." *Elec. Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (1939) (emphasis added). The Supreme Court held that the appeals court had jurisdiction "to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree." *Id.* When appellate review of an adverse decision, available as of right, fails through no fault of the appellant, the underlying adverse decision must be vacated. *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950) (explaining that vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; none is prejudiced by a decision which in the statutory scheme was only preliminary."); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. . . . The same is true when mootness results from unilateral action of the party who prevailed below."). Appeals from administrative decisions are treated in the same way. *Mechling Barge Lines v. United States*, 368 U.S. 324, 329 (1961) ("We think the principle enunciated in *Munsingwear* at least *equally applicable to unreviewed administrative orders, and we adopt its procedure here*.") (emphasis added); *see also Sands v. NLRB*, 825 F.3d 778, 785 (D.C. Cir. 2016) (same).

The Supreme Court has provided clarification on the differences between *Munsingwear* and *U.S. Bancorp Mortgage*. *Alvarez v. Smith*, 558 U.S. 87, 94 (2009). In *Alvarez*, the Court vacated the judgment because "there is not present here the kind of 'voluntary forfeit[ure]' of a legal remedy that led the Court in *Bancorp* to find that considerations of 'fairness' and 'equity' tilted against vacatur." *Id.* at 97. This Court also has recognized the mandatory nature of vacatur in such cases where appellate review is unavailable due to external causes of the unilateral act of the prevailing party. *Apotex Inc. v. Pfizer Inc.*, 125 Fed. Appx. 987, 987 (2005) (non-precedential).

None of the exceptions identified in *U.S. Bancorp Mortgage* are present here. To the contrary, this case is exactly the type of case that *U.S. Bancorp Mortgage* found warranted vacatur, i.e., one in which the case is mooted by the "unilateral action of the party who prevailed below." *U.S. Bancorp Mortg.*, 513 U.S. at 25. Vacatur is therefore warranted if this Court determines that the case is mooted by Valspar's covenant not to sue.



Respectfully submitted,


*/s/ E. Anthony Figg*
E. Anthony Figg

cc:     All counsel of record



<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 5th day of December, 2016, the foregoing

**LETTER TO HONORABLE PETER R. MARKSTEINER** was filed

electronically with the U.S. Court of Appeals for the Federal Circuit by means of

the Court's CM/ECF system. I further certify that the foregoing was served by

means of electronic mail, as well as by the Court's CM/ECF system, which should

have sent a Notice of Docket Activity, upon the following counsel of record:


Matthew Smith, Esq.
Karen Boyd, Esq.
Esha Bandyopadhyay, Esq.
Turner Boyd LLP
702 Marshall St., Ste. 640
Redwood City, CA 94063
650 265 6109 office
650 521 5931 fax
smith@turnerboyd.com
boyd@turnerboyd.com
bandyopadhyay@turnderboyd.com
vega@turnerboyd.com
docketing@turnerboyd.com


*/s/ Nasri V. B. Hage*
Nasri V. B. Hage